UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| WILLARD BENDER, DON LAMPE, CAROLYN CONNERS, JAMES TAYLOR, ROGER SMOKER and ROSE ANN ROHR as individuals, on behalf of themselves and all persons similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>NEWELL WINDOW FURNISHINGS, INC., KIRSCH DIVISION, NEWELL OPERATING COMPANY, INC., and NEWELL RUBBERMAID HEALTH AND WELFARE PROGRAM 560,<br><br>    Defendants. | Case No.: 1:06-cv-0113<br><br>Hon. Robert J. Jonker<br>United States District Judge |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF SECOND MOTION
FOR CLASS CERTIFICATION**

## INTRODUCTION

This is a class action suit for breach of a collectively bargained employee benefits plan. Plaintiffs have a vested contractual right to certain retiree health insurance benefits. The Defendants filed an answer denying liability and asserting various affirmative defenses. The parties subsequently reached a settlement. Due to the pending settlement, this court dismissed Plaintiffs' prior Motion for Class Certification without prejudice. However, a dispute over one of the provisions of the settlement stopped the settlement proceedings just prior to finalization. Plaintiffs

1

therefore now file a second motion to certify the class of plaintiffs and this memorandum in support.

## FACTS

Plaintiffs, Willard Bender, Don Lampe, Carolyn Conners, James Taylor, Roger Smoker, and Rose Ann Rohr are retired employees of Defendant Newell Window Furnishings, Inc., Kirsch Division, operated by Defendant Newell Operating Company, Inc. (together the "Company"), or its predecessors, and are participants in the Defendant Newell Rubbermaid Health and Welfare Program 560 ("Plan"). (*Bender v Newell Window Furnishings*, 1:06-cv-00113-GJO, Opinion of Judge Quist, dated 7-09-07, Dk 31, page 2; *Second Amended Complaint*, Dk 83). During their employment with the Company or its predecessors, Plaintiffs were members of a collective bargaining unit represented by the UAW and its Local 797 ("Union"). (Dk 31, p 2). Plaintiffs are bringing this suit on behalf of themselves and the class of all other former bargaining unit employees of the Company who retired from the Company before July 31, 1998, and the spouses, surviving spouses and eligible dependents of such persons ("retirees"). (Dk 83, ¶ 12).

### I.　　EVENTS LEADING TO THE LAWSUIT.

The Company and the Union were parties to a series of collective bargaining agreements covering the employees in the bargaining unit at the Company's plant in Sturgis, Michigan. (Dk 31 p 2). Plaintiffs assert that the collective bargaining agreements as negotiated, interpreted and implemented by the Company and Union, gave retired employees and their spouses and eligible dependents, a vested lifetime contractual right to certain retiree health insurance benefits. (Id.).

The plant closed in 2000. (Id.). The Company and the Union negotiated a Plant Closing Agreement signed October 2, 2000. (Id.) In November 2005, the Company notified the retirees that it was reducing their health benefits by changing the premiums and copayments provided in the Plan, effective January 1, 2006. (Id.).

On January 12, 2006, Defendants filed a complaint against the retirees in the Northern District of Illinois, seeking declaratory and injunctive relief. (Id.). In that case, the Company brought a declaratory judgment action against the UAW and over 400 individuals, all members of the class sought herein. (Dk 31 pp 2-3). On February 15, 2006, the retirees filed their complaint against the Company in the Western District of Michigan. (Dk 31 p 3). The Northern District of Illinois dismissed Defendants' case in deference to the retirees' case in the Western District of Michigan. (Dk 31 p 3). Defendants appealed that dismissal and argued their appeal before the Seventh Circuit on February 11, 2008. The Seventh Circuit denied the appeal.

## II. CLAIMS AND DEFENSES.

Plaintiffs brought this suit in February 2006, alleging that the Company's actions are in violation of the Plaintiffs' vested rights under the collective bargaining agreements. (Dk 31 p 3). Plaintiffs further assert that the collective bargaining agreements are ERISA benefit plans and, therefore, the Company's actions are also in violation of ERISA. (Id.).

The Company maintains that none of the collective bargaining agreements creates a vested right to benefits that would survive the expiration of those agreements. (*See*, ***Defendants' Answer to First Amended Class Action***

***Complaint***, Dk 33). The Company further asserts that the claims are barred by various affirmative defenses. (Id.).

The parties subsequently reached a settlement. To facilitate the settlement, the parties were to jointly move for Plaintiffs to file a Second Amended Complaint adding named Plaintiffs, creating subclasses of Plaintiffs, and clarifying claims for the benefits sought. Due to the pending settlement proceedings, this court dismissed Plaintiffs' prior Motion for Class Certification without prejudice. (Dk 81). However, a dispute over one of the provisions of the settlement stopped the settlement proceedings just prior to finalization. As noted above, Plaintiffs then filed their Second Amended Complaint, to which the Defendants did not object.

In response to Plaintiffs' Second Amended Complaint, the Company has recently filed several motions to dismiss or transfer the case to the Northern District of Illinois. (Dk 84-89). The Company argues that Defendant Newell Window Furnishings, Inc., was a successor to the collective bargaining agreements and did not itself breach any of the collective bargaining agreements. (See, Id.). The Company asserts a variety of defenses under ERISA. (See, Id.). In the alternative, the Company argues Defendant Newell Window Furnishings, Inc., has no operations in this district and therefore venue is improper. (See, Id.).

## III. CLASS ACTION ALLEGATIONS.

### A. The Proposed Class and Subclasses.

Plaintiffs propose certification of the following class:

> All former Newell Furnishings, Inc., Kirsch Division, Kirsch Company or Cooper Industries, Inc. bargaining unit employees at the Sturgis, Michigan facility who retired prior to July 31, 1998, and their spouses, surviving

4

spouses and eligible dependents. (Second Amended Complaint, Dk 83, ¶ 12).

Plaintiffs have requested three subclasses:

1. The "Kirsch Subclass" which is comprised of all former Kirsch bargaining unit employees at the facility who retired from active employment prior to January 1, 1986, their spouses, surviving spouses, and eligible dependents. (Dk 83, ¶ 14).

Kirsch Company ("Kirsch") operated the facility in Sturgis, Michigan until it was sold to Cooper Industries, Inc. ("Cooper"). (Dk 83, ¶ 14). The first proposed subclass consists of employees who retired prior to January 1, 1986. (Id.). The Second Amended Complaint added specific claims for Medicare Part B reimbursement benefits for this subclass (as well as the other two subclasses). (Dk 83, ¶ 28). Rose Ann Rohr is a representative of this subclass. (Dk 83, ¶ 14).

2. The "Pre-1994 Sturgis Subclass" which is comprised of all former Cooper bargaining unit employees at the facility who retired from active employment on or after January 1, 1986, and before January 1, 1994, their spouses, surviving spouses, and eligible dependents. (Dk 83, ¶ 15).

The second proposed subclass consists of retirees who retired prior to January 1, 1994, but after the last eligibility date for the first subclass. (Dk 83, ¶ 15). The Second Amended Complaint added specific claims for Medicare Part B reimbursement benefits for this subclass (as well as the other two subclasses). (Dk 83, ¶ 28). Willard Bender, Don Lampe, Carolyn Conner and James Taylor are representatives of this subclass. (Dk 83, ¶ 15).

3. The "Post-1993 Sturgis Subclass" which is comprised of all former Cooper bargaining unit employees who retired from active employment on or after January 1, 1994, and before July 31, 1998, their spouses, surviving spouses, and eligible dependents. (Dk 83, ¶ 16).

5

Roger Smoker is a representative of this subclass. (Dk 83, ¶ 16). The claims for this subclass are only for Medicare Part B reimbursement benefits. (Dk 83, ¶ 28).

**B.      General Allegations About the Class.**

With respect to whether the case should be certified as a class action, Plaintiffs assert that the members of the class number over 400; that the members of the class are so numerous that joinder of individual members is impracticable; that questions of law and fact are common to each member of the class; that the relief sought is common to the entire class; that the claims of the named Plaintiffs are typical of the claims of the class; that the interests of the Plaintiffs do not conflict with the interests of the class; that the named Plaintiffs are able and willing to fairly and adequately protect the interests of the class; and that the attorneys for Plaintiffs are experienced and capable in the field of labor law and especially with respect to litigation of this nature. (Dk 83, ¶ 19-23).

Plaintiffs further assert that the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; and that adjudications with respect to individual class members would as a practical matter be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.   (Dk 83, ¶ 24-25).

**ARGUMENT**

Under Fed. R. Civ. P. 23( c)(1), the Court may enter an order certifying a class. An order would be appropriate here because the requirements of Rule 23(a) and Rule 23(b)(1)(A), (b)(1)(B), and (b)(2) have been met.

I. **THE REQUIREMENTS OF RULE 23(A) HAVE BEEN MET.**

Under Rule 23(a) class action certification is appropriate when:

> "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Each of these the requirements has been met in this case.

A. **The Class Is So Numerous That Joinder of All Members Is impracticable.**

The numerosity requirement of Fed. R. Civ. P. 23(a) requires that joinder be impracticable. *See In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996). Courts have interpreted impracticable to mean difficult or inconvenient. *Rodriguez by Rodriguez v. Berrybrook Farms, Inc.,* 672 F. Supp. 1009, 1013 (W.D. Mich. 1987) (J. Enslen). The rule does not require that joinder be impossible. *Id*.

No particular number has been set as the point at which the numerosity requirement is met. *Rodriguez*, 672 F. Supp. at 1013. However, the modern trend is to require a minimum of between 21 and 40 members. *See Roman v Korson*, 152 F.R.D. 101, 105 (W.D. Mich. 1993) (J. Enslen) (citing *Rodriguez by Rodriguez*, 672 F. Supp.

7

1009, 1013 (W.D. Mich. 1987)). *See, also, Newberg, Class Actions,* § 3:5, at 246-47 (4th ed. 2002) (40 or more members of class presumed to be numerous)*.*

Here, the proposed class consists of over 400 persons, some of whom reside out of state for at least part of the year. Thus, joinder of the proposed class would be impracticable.

**B.     Questions of Law and Fact Are Common To The Class.**

Fed.R.Civ.P. 23(a)(2) requires "questions of law or fact common to the class." The rule does not require that *all* questions of law or fact be common. *Sprague v General Motors Corp.*, 133 F 3d 388 (6th Cir. 1998) (*en banc*), *cert denied*, 524 U.S. 923 (1998). *See, also*, *Fuller v Fruehauf Trailer Corp.*, 168 F.R.D. 588, 595 (E.D. Mich. 1996); *Rodriguez*, 672 F. Supp. at 1015.

The court in *Sprague* specifically noted the question of entitlement to retiree health insurance benefits governed by a collective bargaining agreement is a common question. *Sprague*, 133 F.3d at 398, citing *Bittinger v Tecumseh Products Co.*, 123 F 3d 877 (6th Cir. 1997). Courts in this circuit have consistently recognized that claims by retirees relating to retiree health insurance meet the commonality requirement. *See, e.g., Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997); *Fuller*, 168 F.R.D. 588 (1996); *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 661 (E.D.. Mich. 1995); *Musto v. American General Corporation***,** 615 F. Supp. 1483, 1493 (M.D. Tenn. 1985), *rev'd on other grounds* 861 F.2d 897 (6th Cir. 1988), *cert. den*. 490 U.S. 1020 (1989).

The claims of all retirees for retiree health insurance benefits stem from the collective bargaining agreements negotiated by the UAW and its Local 797. As a result,

the claims raise common questions of law or fact for purposes of Federal Rule of Civil Procedure 23(a)(2). *UAW v. General Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007).

Further, the fact that the three proposed subclasses of retirees have different levels of benefits does not defeat commonality. The court in *Sprague* noted that the benefits provided under the plans in question in that case varied over the years but that this was not important. Rather, the key question was whether the benefits were vested or not. *Sprague*, at 393, fn 2. Here, all proposed class members retired from the same employer (or its predecessors) and were members of the same bargaining unit. All proposed class members are claiming rights to retiree health care benefits, based on the same series of collective bargaining agreements. However, while the actual benefits differ between the three groups, there is no dispute between the groups as to which benefits each should receive. Further, while the benefits between the groups differ, the language in the collective bargaining agreements as well as the extrinsic evidence supporting the retirees' claims to vested retiree health insurance benefits is substantially identical. The factual and legal bases for resolving the dispute, including whether the contracts provide for continuing insurance benefits, is common to the resolution of the claims of the proposed class members. Since the controlling questions of law or fact here are common to the members of the proposed class, the requirements of Rule 23(a)(2) are met.

    **C.    The Claims of the Class Representatives Are Typical of the Claims of the Class.**

Rule 23 (a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The touchstone for typicality is that

the named Plaintiffs' claims are so aligned with those of the absent class members that in pursuing their own claims, the named Plaintiffs will also advance the interest of the class members. *In re American Medical Systems, Inc.*, 75 F. 3d 1069, 1082 (6th Cir. 1986).

This typicality requirement is satisfied where the representatives' claims share at least a common element of fact or law with the class. *Senter v. General Motors Corp.*, 532 F.2d 511, 525, n. 31 (6th Cir. 1976) *cert den* 429 U.S. 870 (1976). It is sufficient for typicality purposes that the representatives' claims and the class claims stem from the same event or are based on the same legal theory. *McGlothlin v. Connors*, 142 F.R.D. 626, 636, (W.D. Va. 1992) (citations omitted). Specifically, courts have found that claims by retirees relating to health insurance benefits were typical of the claims of the class of retirees. *See, e.g., Bittinger*, 123 F.3d at 884; *Fox* 172 F.R.D. at 662.

The named Plaintiffs in this case easily meet the standard for typicality. The retiree health care benefits of the individual Plaintiffs, like the other members of the proposed class, are governed by the same contract documents. Once a determination has been made in this case whether the collective bargaining agreements at issue provide vested retiree medical benefits, that conclusion will bind both the named Plaintiffs and every member of the proposed class. The agreements here were bargained collectively, they apply to all the bargaining unit members collectively. Commonality and typicality are simply inherent in collectively bargained retiree group health insurance benefits.

### D. The Class Representatives Will Fairly and Adequately Protect the Interests of the Class.

The final requirement, Rule 23 (a)(4), is that "the representative parties will fairly and adequately protect the interests of the class." The adequacy of class representation is measured by: (1) the qualification of Plaintiffs' attorneys; and (2) the extent to which Plaintiffs' interests may be antagonistic to those of the class. *Senter*, 532 F.2d at 524-25 (citations omitted); *see also American Med. Sys.*, 75 F.3d at 1083; *Fox*, 172 F.R.D. at 662.

As shown in the Affidavit of Michael L. Fayette (copy attached), Plaintiffs' counsel is well qualified and will adequately represent the class. Mr. Fayette has extensive experience in litigating class action claims for vested lifetime retiree health insurance benefits. He has conducted extensive discovery on behalf of the retirees, has met regularly with the retirees, and engaged in settlement discussions on behalf of the retirees. This district recently concluded he had significant experience in labor and employment law and in retiree health insurance litigation and was fully capable of representing a class of retirees. *Ginter v. Whirlpool Corp.*, 2009 WL 198746 (W.D. Mich. January 23, 2009) (No.: 08-CV-750) (Judge Gordon J. Quist) (at page 12; copy attached).

"Class representatives are adequate when it appear[s[ that [they] will vigorously prosecute the interests of the class through qualified counsel, which will usually be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *Ginter v. Whirlpool Corp.*, *supra*, page 11, citing <u>UAW v Gen Motors Corp</u>., 497 F.3d 615, 626 (6th Cir. 2007) (internal citations

and quotations omitted). The claims of the class representatives are typical of the class because they arise from the same course of conduct, the Company's unilateral change to retiree health insurance benefits. The class representative will suffer the same type of injury as the class members as a result of this conduct, increases expenses and reduced benefits. Plaintiffs do not have any interests that are antagonistic to the class members. Thus, the Plaintiffs are adequate representatives of the class.

**II. THE PROPOSED CLASS ACTION ALSO MEETS THE REQUIREMENTS OF RULE 23(b)(1)(A), (b)(1)(B), and (b)(2).**

A proposed class action, having met the requirements of Fed. R. Civ. P. 23(a), must then meet one of the three criteria set out in Fed. R. Civ. P. 23(b). Rule 23(b)(1)(A), (b)(1)(B), and (b)(2) provide that:

"A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

> B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." F. R. Civ. P. 23(b)(1)(A), (b)(1)(B), and (b)(2).

Here, the Company has unilaterally modified the health care benefit plan applicable to the class, and has asserted the right to terminate such benefits altogether. In determining whether the Company has the right to modify and to terminate benefits it would be necessary to analyze the contract documents and the negotiation history with respect to those documents, which are common to the class as a whole. Prosecuting separate actions would create the risk of varying or inconsistent results that would create incompatible standards of conduct for Defendants, who must administer the benefits for the group as a whole. Further, adjudicating the claims of individual class members would as a practical matter determine the rights of members of the class not party to the individual adjudications, since all are bound by the terms of the same retiree health benefit plans. Thus, the standards set by Rule 23(b)(1)(A) and (b)(1)(B) are met.

Where a company has modified all retiree healthcare benefits in a similar fashion, certification under 23(b)(2) is appropriate. *Ginter v. Whirlpool Corp.*, *supra*, at page 13. If this court concludes that the Company is obligated to provide the benefits for which the Plaintiffs claim, final injunctive and declaratory relief will be appropriate for the class as a whole. *See*, *Id.* In indistinguishable circumstances, the Sixth Circuit recently held that such unilateral action by a company "thereby mak[es] appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole," under Federal Rule of Civil Procedure 23(b)(2). *UAW v. General Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007). Accordingly, certification of the proposed Class under Rule 23(b)(2) is proper.

A class may be divided into subclasses where appropriate. Fed R Civ P 23(c)(5). Here Plaintiffs have proposed three subclasses based upon the date of retirement. The

three subclasses are entitled to different levels of benefits under the retiree health insurance plans based upon the year of retirement. Subclasses will provide ease of administration for both the Plaintiffs and Defendants and will help avoid potential confusion by the class members as to the level of benefits to which they are entitled. Subclasses will also ensure that any concerns or issues particular to a subclass will be addressed by the respective class representative for that subclass. Therefore subclasses are appropriate here.

## RELIEF REQUESTED

Accordingly, Plaintiffs request that the Court:

1. Find the requirements for certification of the class have been satisfied, and thus certify the class and subclasses pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(1)(A), (b)(1)(B), (b)(2).

2. Appoint the named individual Plaintiffs and Class Counsel as representatives of the Class.

Respectfully Submitted,
PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for the Plaintiffs

Date: April 3, 2009

    /s/ Michael L. Fayette
Michael L. Fayette  (P26107)

Pinsky Smith Fayette & Kennedy, LLP
146 Monroe Center NW, Suite 805
Grand Rapids, MI 49503
(616) 451-8496