UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLARD BENDER, *et al.*,

       Plaintiffs,                                    Case No. 1:06-cv-113

v.                                                           Hon. Robert J. Jonker

NEWELL WINDOW FURNISHINGS,
INC., *et al.*,

       Defendants.
                                        /

**ORDER**

On March 30, 2012, the court entered an order granting plaintiffs attorney fees and costs in the amount of $600,512.02. *See* Order Regarding Plaintiffs' Application for Attorney's Fees (docket no. 295). This matter is now before the court on plaintiff's "Motion for Reconsideration of Magistrate's Order Regarding Plaintiffs' Application for Attorney's Fees" (docket no. 297).[1]

In reviewing requests for reconsideration, the court is guided by the local court rule which provides:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from the correction thereof.

---

[1] The court notes that pursuant to 28 U.S.C. § 636(b)(1)(A), defendants have appealed the undersigned's order "on all issues other than the Order's determination of applicable attorney rates." *See* Defendants' "Objection to and Appeal from Magistrate's Order Regarding Application for Attorney's Fees" (docket no. 301). The court does not construe this appeal, however, as depriving the undersigned from jurisdiction to address plaintiff's present motion for reconsideration.

W.D. Mich. LCivR 7.4(a). A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest. *See Compuware Corp. v. Serena Software International, Inc.*, 77 F. Supp.2d 816, 819 (E.D. Mich. 1999).

In their motion, plaintiffs contend that the court improperly reduced their requested attorney's fee for work done on behalf of the union (the "UAW") in *Newell Operating Company,Inc., et al v. International Union, UAW, et al.*, No. 3:06-cv-50010 (N.D. Ill.) (the "Illinois litigation"). Plaintiffs' original motion for fees did not address their counsel's representation of the UAW in the Illinois litigation. Defendants raised the issue in their response. Mr. Fuchs' affidavit (docket no. 274) pointed out a number of entries in plaintiffs' counsel's billing records (docket no. 265-2), which reflected charges related to conferences with UAW representatives and/or attorneys prior to the March 27, 2007 dismissal of the Illinois litigation.

Although mindful of defendants' claim regarding the UAW representation, plaintiffs did not seek leave to file a reply on that issue. During the motion hearing, plaintiffs' counsel, Mr. Fayette, was circumspect on the extent to which he and his firm represented the UAW, ultimately stating to the court that the UAW was financing "the litigation":

> THE COURT: The defendant is not claiming that the UAW is really paying you?
>
> MR. FAYETTE: Oh, I think they are claiming that.
>
> THE COURT: Is the UAW paying you?
>
> MR. FAYETTE: Yes, your Honor, at a reduced rate to help fund the litigation. Defendants have known that forever. They've alleged it in every answer. If you look at the cases, your Honor, that is often the way these are brought.

Hearing Trans. (June 1, 2011) at pp. 34-35 (docket no. 288).

Based on the record before it, the court discounted plaintiffs' requested attorney fees for the work done representing the UAW in the Illinois litigation:

2

### 3. Reduction for work performed on the Union's claim

As the court previously discussed, the Union's claim against Newell was dismissed on July 9, 2007. Plaintiffs are not entitled to attorney's fees generated on the Union's unsuccessful LMRA claim. It is impossible to determine from the time sheets attached to Mr. Fayette's affidavit which charges relate to the plaintiff retiree's claims and which charges relate to the Union's claims. For this reason, the court will engage in a two-part process to determine the applicable charges. First, the court will determine the amount of time plaintiffs' counsel spent on the action filed in this court from December 21, 2005 through July 9, 2007. The time records reflect that plaintiffs' counsel spent 155.75 hours working on the Western District litigation during this time frame. Second, the court will reduce the 155.75 hours by 50% to reflect the time apportioned to the Union's claims. This results in a reduction of 77.875 hours. Because plaintiffs did not designate the billing attorney, the court will reduce this charge at the larger hourly rate of $375.00, resulting in a reduction of $29,203.13.

Similarly, plaintiffs are not entitled to attorney's fees for work performed defending the Union with respect to Newell's LMRA claim brought in the Illinois litigation. As previously discussed, Newell identified 201 hours of attorney time working on the Illinois litigation. The court will reduce this amount by 50% to reflect the time apportioned to the Union's claims. This results in a reduction of 100.5 hours. Because plaintiffs did not designate the billing attorney, the court will reduce this charge at the larger hourly rate of $375.00, resulting in a reduction of $37,687.50.

Order (March 30, 2012) (docket no. 295).

In support of their motion for reconsideration, plaintiffs do not present an affidavit stating that they did not perform work for the UAW with respect to the Illinois litigation. Rather, plaintiffs point to part of an exhibit submitted by defendants, i.e., a cover sheet for a deposition in the Illinois litigation which reflects that Attorney Stanley Eisenstein represented the UAW at the deposition. *See* Cover sheet (docket no. 274-2). Plaintiffs also refer to the docket sheet in the Illinois litigation (filed by defendants in response to another motion) which reflects that two attorneys, Stanley Eisenstein and Ronald Barry Schwartz, were the attorneys of record for the UAW in the Illinois litigation. *See* Illinois Litigation docket sheet (docket no. 284-1).

3

Based on this record, the court's original determination that plaintiffs' counsel's fees generated in the Illinois litigation should be reduced to reflect work performed on behalf of the UAW was not a palpable defect. Although plaintiffs were aware of defendants' contention that their counsel performed work for the UAW during the Illinois litigation, plaintiffs presented no evidence to dispute this contention, nor did they direct the court to the deposition cover sheet which now forms the basis of their motion for reconsideration. While it is now clear that plaintiffs' counsel was not the counsel of record for the UAW in the Illinois litigation, this fact, in and of itself, does not demonstrate a palpable defect in the court's original order. The billing records submitted by plaintiffs' counsel reflect that counsel provided some legal services to the UAW related to that litigation. Plaintiffs' counsel, Mr. Fayette, acknowledged to the court that the UAW helped to fund "the litigation," a fact which indicates that the UAW received some benefit from counsel's work. Furthermore, plaintiffs' counsel's billing records identify both the work performed on Illinois litigation and this litigation as UAW matters, with the billings referenced as:

> Bender, et. al. vs. Newell Windows, et. al.
> UAW Matter No.: 2000-00720

Plaintiffs' billing records for Attorney's Fees (docket no. 265-2 at pp. 7-71).

While two other attorneys were the UAW's counsel of record in the Illinois litigation, there is evidence that plaintiffs' counsel performed work that benefitted the UAW in that litigation. Furthermore, despite defendants' opposition to plaintiffs' request for fees involving UAW representation, plaintiff's counsel has not submitted an affidavit or other evidence to explain the extent to which counsel assisted in the UAW's representation in the Illinois litigation or the amount the UAW paid counsel with respect to work performed in the Illinois litigation. Accordingly,

4

plaintiffs' "Motion for Reconsideration of Magistrate's Order Regarding Plaintiffs' Application for Attorney's Fees" (docket no. 297) is **DENIED**.

    **IT IS SO ORDERED.**

Dated: June 6, 2012                            /s/ Hugh W. Brenneman, Jr.
                                                                  HUGH W. BRENNEMAN, JR.
                                                                  United States Magistrate Judge